**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDGAR OROZCO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Supt. GERALD ROZUM | : | NO. 07-cv-5156 |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the ***only*** possible means of obtaining this type of relief from state custody. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

In cases involving prisoners in state custody, AEDPA, if it applies at all, provides for relief by means of 28 U.S.C. §2254 for a petitioner who raises a ***constitutional***[2] attack on the imposition, ***and/or*** the execution,[3] of a state conviction and/or a state sentence, which

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court. Gonzalez v. Crosby, 545 U.S. 524 (2005).

[2] Where there is an attack on state custody which does not involve a Constitutional argument (as previously defined), there is no right to habeas corpus relief, and, assuming that petitioner's appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency. Herrera v. Collins, 506 F.3d 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

[3] Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

may only be filed after the state conviction has been imposed.[4]

By means of AEDPA, Congress ***intentionally*** created a series of ***restrictive gate-keeping conditions*** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254.  One such intentionally restrictive gate-keeping condition is AEDPA's ***strict and short statute of limitations***, created by 28 U.S.C. §2244(d).   Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called ***"second or successive rule"***, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a §2254 habeas if that litigant had at least one previous §2254 habeas that was "dismissed after adjudication of the merits of the claims presented,"[5] which means:

   I.    a dismissal after a consideration on the merits;[6] or,

   II.   a dismissal on the grounds of the statute of limitations;[7] or,

   III.  a dismissal on grounds of procedural default.[8]

The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001);

---

[4] Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[5] Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

[6] Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999).

[7] Duncan v. Walker, 533 U.S. 167 (2001).

[8] In re Cook, 215 F.3d 606 (6th Cir. 2000).  (A 28 U.S.C. §2254 case is found to be Procedurally Defaulted where the petitioner in such a §2254 case previously had the right to file an appeal of the conviction and/or sentence involved to a state court but the petitioner did not, in fact, file such an appeal, and some procedural rule of the state court system dictates that the time has passed for such a state filing.  This principle is based on the concept that the states are free to impose procedural bars designed to restrict repeated attempts to re-litigate matters in state appellate courts.  Slack v. McDaniel, 529 U.S. 473 (2000)).

Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).  In the instant situation, there is a previous 28 U.S.C. §2254 petition filed by petitioner (namely 04-cv-1446), which attacked the same conviction and/or sentence attacked in 07-cv-5156, and which raised five claims that allegedly justified habeas corpus relief under 28 USC §2254.  Of the five claims raised in 04-cv-1446, three were dismissed on grounds of procedural default and two claims were dismissed after consideration of the merits of the arguments made in that petition; this acts as an adjudication of the merits of all five of the claims presented.

On December 6, 2007, petitioner filed a petition in this court seeking his release from state custodial status based on the claim that his attorney in 04-cv-1446 allegedly abandoned him during the appellate phase of that case.  This is clearly a claim that his rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution have been violated, for which relief is provided to prisoners by AEDPA; however, petitioner bases his grounds for relief not on AEDPA, but on Federal Rule of Civil Procedure 60(b).  For the following reasons, this attempt to invoke Rule 60(b) to obtain release from custody with an argument based upon the United States Constitution must fail, as any attempt to challenge the merits of a previous or underlying decision with claims based on the United States Constitution may only be pursued by a prisoner by means of a habeas corpus motion filed pursuant to AEDPA.  Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).

The express language of AEDPA itself is strong evidence of Congressional intent that AEDPA, and ***only*** AEDPA, is available for relief from incarceration for prisoners who make an argument for release from custody based on the United States Constitution, and that "Rule 60(b) applies ... only to the extent that it is not inconsistent with (AEDPA)." Gonzalez v. Crosby, 545 U.S. 524 (2005).  Accord, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

The Supreme Court of the United States has held that federal statutes, such as AEDPA, take precedence over any rule of court (including Rule 60(b)), and that where a prisoner files a purported Rule 60(b) motion which makes an argument based upon the United States Constitution, that purported Rule 60(b) petition is to be treated as "similar enough" (in the Supreme Court's own words) to an AEDPA claim that failure to apply the second or successive rule of AEDPA would be inconsistent with AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005). See, also, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The fact that habeas corpus relief pursuant to AEDPA is precluded by AEDPA's "second or successive rule," or by AEDPA's strict and short statute of limitations, or by any other provisions of AEDPA, does not mean that an alternative route to the same goal is available by means of a Petition pursuant to Rule 60(b). Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). As the Third Circuit Court of Appeals has correctly noted, if a petitioner could, by means of such a Rule 60(b) petition, get around Congress's clear intent in adopting AEDPA, the result would be "a complete miscarriage of justice." United States v. Baptiste, 223 F.3d 188 at 190. Accord, Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

In the context of prisoners, the only way that a Rule 60(b) motion would not be treated as a de facto AEDPA petition is if the Rule 60(b) Motion did not in any way attack the prisoner's conviction and/or sentence with an argument based upon the federal constitution, federal law or federal treaties. Gonzalez v. Crosby, 545 U.S. 524 (2005). An example of such a case where the court could consider such a Rule 60(b) motion is where the previous habeas decision was denied without merits consideration, and the prisoner attacks solely the basis of how that previous decision was reached without making an

4

argument based upon the federal constitution, federal law or federal treaties (such as attacks on how the previous habeas case was found by the court to be either procedurally defaulted or time-barred).  Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).   In this court's view, the instant case is not on point with the narrow exception to the general rules of AEDPA and Rule 60(b) carved out by the U.S. Supreme Court in Gonzalez and by the United States Court of Appeals for the Third Circuit in Pridgen.

   Accordingly, this _____ day of December, 2007, it is hereby

   **ORDERED** that petitioner's application for relief pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**, and, it is further

   **ORDERED** that the Clerk of this Court shall mark this matter as **CLOSED** for all purposes, including statistics.


            **S/ ROBERT F. KELLY**
            **ROBERT F. KELLY, U.S. District Judge**